Motion to dismiss appeal submitted June 26, motion allowed
June 27, 1956

## PORTLAND GENERAL ELECTRIC COMPANY *v.* HYDROELECTRIC COMMISSION ET AL

298 P. 2d 840

*Phillips, Coughlin, Buell & Phillips,* Portland, for the motion.

*Robert Y. Thornton,* Attorney General, and *E. G. Foxley,* Deputy Attorney General, Salem, contra.

PER CURIAM.

Appellant, General Electric Company, a corporation, has moved to dismiss its appeal on the ground that the question involved has become moot. The attorney general, representing the defendant, The Hydroelectric Commission of Oregon, objects, not to the mo-

62

tion, but to the ground thereof. He is willing that the appeal be dismissed but not that the controversy be determined by this court to be moot.

The case involves the validity of an order of The Hydroelectric Commission denying plaintiff's application for a preliminary permit or license for a power project on the Deschutes River referred to as the Pelton Project. While the case was pending here the Supreme Court of the United States in *Federal Power Commission v. The State of Oregon et al.,* 349 US 435, 75 S Ct 832, 99 L ed 1215 (June 6, 1955) sustained the validity of a license issued by the Federal Power Commission for the identical project. One of the questions presented was whether the consent of the State of Oregon for such project was required, and as to this the court said:

"* * * To allow Oregon to veto such use, by requiring the State's additional permission, would result in the very duplication of regulatory control precluded by the First Iowa decision. 328 U.S. 152, 177-179. No such duplication of authority is called for by the Act."

It is because of this decision that the appellant contends that the present case is moot. It would certainly seem that the Supreme Court of the United States has effectually disposed of the issues in the case at bar. But, whether that be so or not, appellant is entitled to dismiss its own appeal if it so desires. The reason for its motion is of no concern to this court so long as the respondent will not be harmed if the appeal should be dismissed and makes no objection to that disposition of the case. Without in any way passing on the question whether the case is moot, the motion to dismiss will be allowed.

LATOURETTE, J., concurs in the result.